EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-00914-CMA-KLM

BENJAMIN GERIG,
a Colorado resident.

Plaintiff,

v.

UNIVERSITY OF DENVER,
a Colorado non-profit corporation,

Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

Plaintiff, Benjamin Gerig, ("Mr. Gerig"), and Defendant, University of Denver (the "University"), stipulate to the following Protective Order ("Order") regarding certain documents and information that will be produced by the Parties during discovery in this litigation.

**1. Scope of Protection**

The Parties acknowledge that discovery in this litigation may require the disclosure of documents and other materials that are commercially and/or financially sensitive, contain personal medical information, and/or are otherwise confidential in nature (hereinafter referred to as "Confidential Information").

This Order shall govern any record of information produced in this action and designated pursuant to this Order, including all designated deposition testimony, all

designated testimony taken at a hearing or other proceeding, all designated deposition exhibits, interrogatory answers, admissions, initial disclosures, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal methods of discovery. This Order shall also govern any designated record of information produced in this action pursuant to required disclosures under any state procedural rule or local rule of the Court and any supplementary disclosures thereto.

**2. Definition of Confidential Information**

"Confidential Information" shall mean any type or classification of information that is designated as "confidential" in the manner specified below, which includes, but is not limited to, the following types of documents and/or information:

a. Documents containing Mr. Gerig's medical, financial, and employment information, including social security number and personnel file;[1]

b. Documents containing the University's private, confidential, and/or proprietary information with regards to policies, procedures and practices including, but not limited to, employee handbooks, benefit guides, training and instruction materials, evaluation materials, security protocols, management conferences, job descriptions, and/or investigation notes; and

[1] The producing Party will make reasonable efforts to redact social security numbers before production.

EXHIBIT A

c. Documents containing the University's trade secrets, financial and commercial information, and/or other competitive information not otherwise publicly available, may also constitute "Confidential Information."

**3. Designation of Confidential Information**

The Parties hereby agree that a producing Party subject to discovery may designate documents; deposition testimonies, transcripts, and exhibits; responses to interrogatories; responses to requests for admission; and other written, recorded, or graphic information and materials produced in the course of this Action as Confidential Information if the item produced contains Confidential Information. The producing Party claiming a document or information is confidential shall so designate it by imprinting the word(s) "CONFIDENTIAL" on the document. Such designation shall be made in good faith after review by an attorney for the producing Party. Any Party seeking confidential treatment for documents or other materials previously produced by any other Party without such designation may do so by sending written notice requesting designation to the producing Party within forty-five (45) days of their production. If the producing Party objects to the request for confidential designation, and if the Party seeking designation then files a motion with the Court to designate the documents as Confidential within 14 days, the documents will be deemed Confidential pending a decision on the motion.

**4. Designation of Deposition Testimony**

With respect to testimony elicited during depositions, whenever counsel for a Party deems that any question or line of questioning calls for the disclosure of information that should be treated as Confidential Information, counsel may: (i) designate on the record

prior to such disclosure that such information is being designated as "Confidential" or (ii) give written notice to all other counsel that such information is being designated as "Confidential" within forty-five (45) days after receiving a copy of the transcript of the deposition. A party seeking to designate as Confidential a portion of a deposition transcript must designate as Confidential by page and line numbers within the deposition transcript and may not designate an entire deposition transcript as Confidential.

**5. Use of Confidential Information**

Confidential Information shall be used by the receiving Party exclusively in connection with this litigation and any appeals thereof, and for no other purpose. A Party shall not disseminate any Confidential Information except as necessary for use in this litigation and any appeals thereof, and subject to the further restrictions set forth in paragraph 6, below. The Parties shall take reasonable and prudent measures to safeguard the confidentiality of all Confidential Information.

**6. Disclosure of Confidential Information**

The Party receiving any Confidential Information designated as "CONFIDENTIAL" shall not, directly or indirectly, disclose such Confidential Information to any persons other than:

(a) The Court, persons employed by the Court, the stenographer transcribing the testimony or argument at a hearing or deposition in this Action, and any special master or mediator appointed by the court or agreed to by the Parties;

(b) Counsel of record for any Party to this Action, as well as employees of such counsel used to assist in the prosecution or defense of this Action, outside copying

services, document management services, and graphic services to the extent necessary to render services in the Action;

(c) Experts and consultants consulted or retained by any Party or counsel of record for any Party to assist in the prosecution or defense of this Action;

(d) Any Party, and any agents, representatives, and employees of any party, as is necessary to prepare the case for litigation;

(e) Any juror who is empaneled to hear this case; and

(f) Any employee, former employee, agent or independent contractor of any Party, or prospective witness who is requested by counsel to assist in the defense or prosecution of this Action, provided, however, that disclosure of the Confidential Information to said individual may be made only to the extent necessary for the employee, former employee, agent or independent contractor, or prospective witness to provide such assistance.

(g) The insurer of a party to litigation and employees of such insurer to the extent reasonably necessary to assist the party's counsel to afford the insurer an opportunity to investigate and evaluate the claim for purposes of determining coverage and for settlement purposes;

Any Party that seeks to disclose Confidential Information permitted under this Order to a person listed in paragraphs 6(c) or 6(f) above, or to any potential witness who is not included in paragraphs 6(a)-(f) above, shall, prior to such disclosure, advise the person of the contents of this Order and require each such person to whom such disclosure is made to execute an undertaking in the form attached hereto as Exhibit "A".

EXHIBIT A

All such undertakings shall be retained by counsel for the Party who discloses Confidential Information in this way. Further, the Party providing the witness with Confidential Information must take reasonably prudent steps to retrieve or to determine that the witness has not retained a copy of such information.

No party shall attempt to depose any experts or consultants as listed in paragraph 6(c) until such time as the individual is designated by the party engaging the expert or consultant as a testifying expert in the Action. In addition, if the engaging party chooses not to designate the expert or consultant as a testifying expert in the Action, the non-engaging party shall be barred from seeking discovery or trial testimony as to the scope or subject matter of the engagement.

**7. Challenge to Designation**

The non-producing Party may object to the designation of particular documents or other materials as "CONFIDENTIAL" by giving written notice to the producing Party making the designation and to all other Parties. The Parties shall have twenty-one (21) days from the date of such written notice to attempt to resolve in good faith the dispute by meeting and conferring. In the event that the dispute is not resolved within the twenty-one (21) day period, either party shall have an additional ten (10) days to apply to the Court pursuant to MJ Mix's discovery procedures for a determination as to whether the designation is appropriate. The burden shall rest on the party seeking confidentiality to demonstrate that such designation is proper. The disputed documents or other materials shall be treated as so designated pending a ruling from the Court. However, if the producing Party chooses not to raise the issue with

(KLM)

EXHIBIT A

the Court within the additional ten-day (10) period, the document or information in question will lose the proposed designation.

**8. Limitation**

Nothing herein shall be construed to affect any party's right to assert at any time that any particular information or document is not subject to discovery, production, or admissibility on grounds other than confidentiality.

**9. Court Filings**

Documents or other materials filed by any Party with the Court before, during, or after trial that contain Confidential Information, including any pleading, motion, brief, discovery request or other paper, the papers shall be appropriately designated pursuant to this Order, and shall be redacted, marked as "private," or "confidential," and shall be filed under restriction pursuant to D.C.COLO.LCivR 7.2 as required to protect the confidential information. Copies of the papers filed under seal shall be timely served on all counsel for the parties. Should the need arise during any pre-trial proceedings a party may cause Confidential Information to be disclosed only after appropriate *in camera* inspection or other appropriate safeguards as requested of the Court.

**10. Inadvertent Failure to Designate**

(a) In the event that a producing party inadvertently fails to designate any of its information pursuant to Paragraph 4, it may later designate by notifying the receiving parties in writing. The receiving parties shall take reasonable steps to see that the information is thereafter treated in accordance with the designation.

(b) It shall be understood however, that no person or party shall incur any liability hereunder with respect to disclosure that occurred prior to receipt of written notice of a belated designation.

**11. Production by Third Parties Pursuant to Subpoena**

Any third party producing documents or things or giving testimony in this action pursuant to a subpoena, notice or request may designate said documents, things, or testimony as Confidential Information. The parties agree that they will treat Confidential Information produced by third parties according to the terms of this Order.

**12. Compulsory Disclosure to Third Parties**

If any receiving party is subpoenaed in another action or proceeding or served with a document or testimony demand or a court order, and such subpoena or demand or court order seeks Confidential Information of a producing party, the receiving party shall give prompt written notice to counsel for the producing party and allow the producing party an opportunity to oppose such subpoena or demand or court order prior to the deadline for complying with the subpoena or demand or court order. No compulsory disclosure to third parties of information or material exchanged under this Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

**13. Confidentiality of Party's Own Documents**

Any Party may consent to have any documents or other materials it previously designated as "CONFIDENTIAL" removed from the scope of this Order by so notifying counsel for the other Party in writing or by so stating on the record at any hearing or

deposition. Nothing contained in this Order shall prevent any Party from disclosing its own Confidential Information, as it deems appropriate in accordance with the terms of this Order.

**14. Jurisdiction to Enforce Order**

After the termination of this action, the Court will continue to have jurisdiction to enforce this Order.

**15. Conclusion of Action**

Within 120 days of final conclusion of all aspects of this litigation, including any and all appeals, documents and other materials marked or otherwise identified as Confidential Information and all copies of same (other than exhibits of record) shall be returned to the Party that produced such documents or, at the option of the possessing Party, destroyed. If destroyed, counsel of record shall certify the same in writing and shall deliver such certification to counsel for the Party that produced the documents, upon written request by the producing party.

Counsel for each party may retain one archive copy of all documents and discovery material even if they contain or reflect another party's Confidential Information. Counsel's archive copy shall remain subject to all obligations of this Order.

**16. Modification of Order**

This Order is subject to revocation and modification by order of the Court, upon written stipulation of the Parties, or upon motion and reasonable notice.

DATED at Denver, Colorado, this 19th day of August, 2019.

EXHIBIT A

BY THE COURT:

United States Magistrate Judge
Kristen L. Mix

APPROVED:

*/s/ Jeanine M. Anderson*
Jeanine M. Anderson
Anderson Barkley, LLC
3900 E. Mexico Ave., Suite 300
Denver, Colorado 80210
(720) 506-1766

*Attorneys for Plaintiff*

*/s/ Renee Sheyko*
Renee Sheyko
Constangy Brooks, Smith & Prophete LLP
Dominion Towers
600 17th Street, Suite 2700-S
Denver, Colorado 80202
(720) 343-7533

*Attorneys for Defendant*

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ______________________________ [print or type full name], of _________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the District of Colorado on [date] in the case of *Gerig v. University of Denver*, Civil Action No. 1:19-cv-00914-CMA-KLM. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: ________________________________________

City and State where sworn and signed: __________________________________

Printed name: ________________________________

Signature: ___________________________________