IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 19-cv-00914-KLM

---

BENJAMIN L. GERIG,

Plaintiff,

vs.

UNIVERSITY OF DENVER,

Defendant.

---

Proceedings before KRISTEN L. MIX, United States Magistrate Judge, United States District Court for the District of Colorado, commencing at 3:03 p.m., October 7, 2020, in the United States Courthouse, Denver, Colorado.

---

WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED. . .

---

APPEARANCES

JEANINE ANDERSON, Attorney at Law, appearing for the Plaintiff.

ERIN MANGUM, Attorney at Law, appearing for the Defendant.

---

TELEPHONIC DISCOVERY HEARING

P R O C E E D I N G S

(Whereupon, the within electronically recorded proceedings are herein transcribed, pursuant to order of counsel.)

(The quality of the audio was poor, resulting in multiple inaudibles.)

THE COURT: Good afternoon, court is in session. This is 19-cv-00914, Benjamin Gerig vs. University of Denver. Let's have counsel enter appearances, please, starting with counsel for the plaintiff.

MS. ANDERSON: Good afternoon, Your Honor. This is Jeanine Anderson and I represent Mr. Ben Gerig in this matter.

THE COURT: Thank you.

MS. MANGUM: Good afternoon, Your Honor. This is Erin Mangum, representing Defendant University of Denver.

THE COURT: Good afternoon.

All right, we're here for a discovery hearing. I have received and reviewed plaintiff's written discovery dispute chart, plaintiff's Rule 30(b)(6) deposition notice of the defendant and their opinion (inaudible) Medical Technology Inc. vs. Aetna, Inc. (ph), the 2006 Westlaw 8454636, out of the District of Colorado in 2006. This is concerning plaintiff's oral motion to compel the deposition of Elizabeth Cha in her personal capacity and I'll hear from

plaintiff's counsel first.

MS. ANDERSON: Yes, Your Honor.

Just to provide a little background. We originally sent out a proposed topics and a 30(b)(6) notice back before the pandemic and we had discussion back and forth with opposing counsel concerning the witnesses and getting that scheduled before the pandemic started, and at that time they had indicated to us that Elizabeth Cha would be a witness with respect to kind of ADA accommodation issues, you know, broadly, the ADA accommodation issues.

She was the assistant ADA coordinator and seemed to have the most interaction with my client and also with the supervisors involved, but we thought her knowledge was going to be pretty limited, so we thought when they designated Ms. Cha as the 30(b)(6) witness on this topic, we could adequately depose her and get the information we needed, so we didn't indicate an intent to depose her in her personal capacity.

And that continued on over the summer, you know, we started talking again about getting these depositions done, and we have, in fact, done the 30(b)(6) deposition at this point, but when the notice of 30(b)(6) deposition notice over the summer, they continued to tell us, and they told us in writing, that Ms. Cha would be the representative on these topics.

And then Sunday afternoon before the Tuesday morning deposition of Ms. Cha was to take place, they told us the representative wasn't going to be Ms. Cha anymore, it was going to be Mr. Moore. And Mr. Moore seemed to have a lot less kind of personal interaction related to the issues and we at that point said, that's fine, we don't have a problem with you designating Mr. Moore and we will depose him. We can't do it on Tuesday because we're not prepared to do it on Tuesday, but we can do it, but we want a personal deposition of Ms. Cha. She just seemed to have more of the real knowledge.

And on top of that, we thought it was kind of suspect that at the very last minute, after six months of telling us that Elizabeth Cha would be the representative that, you know, on a Sunday before Tuesday deposition they said that wasn't going to be the case anymore, which certainly, as I'm sure you can imagine, Your Honor, led me to think, gosh, what is Ms. Cha telling them (inaudible) that they're scared of; what are they trying to avoid that Ms. Cha is going to say.

And there is a lot she could say, because this is -- this is a discrimination and retaliation claim and she had interactions with the supervisors and we think the supervisors were hostile to Mr. Gerig's request for an accommodation. So it's likely that Ms. Cha may have gotten

wind of the hostility to Mr. Gerig's request for an accommodation and that's why we want to depose her.

We don't think we need more than two hours with her. We know it's past the deadline, but we would have noticed her in her individual capacity if we had not been told that she was going to be the 30(b)(6) representative.

THE COURT: All right, thank you. Counsel for the defendant.

MS. MANGUM: Yes, Your Honor.

Defendant's position is that plaintiff has been aware of Ms. Cha's extremely limited role in addressing Mr. Gerig's accommodation request from the outset of the case. Plaintiff's counsel, in fact, (inaudible) Ms. Cha (inaudible) initial disclosures in March of this year. Plaintiff was free to depose Ms. Cha at any point during the discovery period, but chose not to do so, and the time periods for taking depositions is now over.

Further, plaintiff is not entitled to designate any particular witness as its 30(b)(6) deponent. Any decision to swap Mr. Moore for Ms. Cha as its 30(b)(6) deponent related to Mr. Gerig's accommodation request was, in fact, done at Ms. Cha's request given her junior level status and the belief that Mr. Moore can better testify on these topics, since he's a much higher level than Ms. Cha and he's the actual decision maker on Mr. Gerig's request for

accommodation.

Thus, by swapping Mr. Moore for Ms. Cha, plaintiff is in fact given a higher level employee to depose and plaintiff was able to depose the actual decision maker on Mr. Gerig's accommodation request rather than deposing Ms. Cha, who was on a junior level.

At this late stage of the case, the eight witnesses have already been deposed and plaintiffs have also received testimony from these witnesses on over a dozen 30(b)(6) topics. (Inaudible) that reopening discovery to allow plaintiff to depose Ms. Cha to be unduly burdensome and not proportional to the needs of the case.

Lastly, plaintiffs have already explored the topic of Ms. Cha's limited role in addressing Mr. Gerig's accommodation request through deposition testimony. Specifically, (inaudible) deposed just this past Friday in the 30(b)(6) topics on which he was deposed included the topic of Ms. Cha's role in addressing Mr. Gerig's accommodation request. Thus, plaintiff has already received testimony regarding her role.

(Inaudible) Mr. Moore confirmed during his deposition on Friday that Ms. Cha (inaudible) at the time Mr. Gerig made his request for accommodation and that she had no decision-making authority whatsoever at that time. He further confirmed during his deposition on Friday that

Ms. Cha served in only a coordinating scheduling type of role, and that since he was the one actively training her at the time, he (inaudible) with her during every phone call and every meeting relating to Mr. Gerig's accommodation request.

Thus, our position is that the topic of Ms. Cha's role has already been explored through deposition testimony and that reopening discovery to allow opposing counsel to depose an additional witness about whom they've been aware throughout the entirety of the case is unduly burdensome and not proportional to the needs of the case.

THE COURT: All right, thank you.

The oral motion to compel the deposition of Elizabeth Cha in her personal capacity is denied for the following reasons:

The plaintiff understood that Ms. Cha would be designated as a Rule 30(b)(6) representative of the defendant University of Denver. The Rule 30(b)(6) representative of the defendant, of course, testified about knowledge or information held by the defendant, the entity, University of Denver. That's the (inaudible) representative at the deposition represents, even though the University of Denver changed its mind about who its designated Rule 30(b)(6) representative would be shortly before the 30(b)(6) deposition.

Throughout the course of discovery, plaintiff had

an opportunity to indicate an interest in taking Ms. Cha's deposition in her personal capacity because of her individual knowledge of events apparently related to the lawsuit.

At no time, as far as I could tell, did plaintiff indicate an interest in taking Ms. Cha's deposition in her personal capacity about her individual knowledge related to the claims until after she was replaced as the 30(b)(6) representative of the defendant University of Denver.

But it doesn't make sense that plaintiff should be permitted at this point to reopen discovery to take a deposition of an individual in her personal capacity that the plaintiff never previously indicated any interest in taking. The fact that Ms. Cha was designated as the representative of the University for the 30(b)(6) deposition is very different from Ms. Cha being deposed in her personal capacity.

So the plaintiff must have understood, or should have understood, that Ms. Cha's designation as a 30(b)(6) representative for the University was not going to allow the plaintiff to ask questions about Ms. Cha's personal involvement in the events that underlie the claim. That could only happen if the plaintiff took Ms. Cha's deposition in her personal capacity.

The fact that Ms. Cha didn't serve as a 30(b)(6) deposition representative is really neither here nor there in making its decision. It's all about the fact that the

plaintiffs did not previously seek a deposition of Ms. Cha in her personal capacity. Since deadline for discovery has now closed, the fact that Ms. Cha has swapped out as a 30(b)(6) representative has nothing to do with whether the plaintiff should have been entitled to take a personal deposition of Ms. Cha and plaintiff is simply too late in requesting a personal deposition of Ms. Cha given that the discovery deadline has elapsed.

So for that reason the motion is denied.

Is there anything further we need to address today from plaintiff's point of view?

MS. ANDERSON: Yes, Your Honor. Opposing counsel --

THE COURT: Ms. Anderson, let me caution you, let me caution you. I'm not going to entertain any further argument on this issue. I have made my ruling, just as if I had made my ruling in writing. If you would like to address another issue, you're more than bringing -- I'm more than happy to have you bring it up. If you have not conferred on it, it's unlikely I'm going to be able to help you with it today.

MS. ANDERSON: Okay. Well, I think it's a related issue.

THE COURT: All right.

MS. ANDERSON: One of the topics that Ms. Cha was

supposed to testify on and they substituted Mr. Moore on this topic was Ms. Cha's role in addressing the request for accommodation made by Mr. Gerig. That's Topic Number 9. And Mr. Moore testified during the 30(b)(6) deposition that he did not even speak to Ms. Cha about what she did outside of his presence. He didn't talk to Ms. Cha at all about her role in preparing as the 30(b)(6) representative; therefore, we do not think Mr. Moore was prepared as appropriately as the 30(b)(6) representative to testify about Ms. Cha's role. And, you know, so we either want him prepared by having actually talked to Ms. Cha about her role, but we think we should be able to explore that issue with Ms. Cha.

THE COURT: Well, that's an entirely separate discovery dispute. That's a dispute about whether the 30(b)(6) representative of the defendant was adequately prepared to address the properly noticed topics in the Rule 30(b)(6) deposition notice. Your contention is that he was not, that he was not adequately prepared to address Topic Number 9.

Have you conferred with defense counsel about your contention that he was not adequately prepared to address that topic?

MS. ANDERSON: Your Honor, that deposition took place on Friday and we had this hearing today, and, therefore, I thought it would be addressed because I knew

that I could cover it with Ms. Cha because I felt that I would be allowed to do a two-hour deposition of Ms. Cha.

So, no, I have not conferred with opposing counsel concerning the adequacy of the preparation of Mr. Moore to testify as to Ms. Cha's role in addressing the request for accommodation.

THE COURT: All right. Well, as you know, our local rules require that parties confer prior to bringing any issue to the attention of the Court, so I suggest that you do that, that you confer with counsel for the University about whether its chosen 30(b)(6) representative Mr. Moore was adequately prepared to address Topic Number 9 in the Rule 30(b)(6) deposition notice.

And if you disagree about whether Mr. Moore was adequately prepared to do that, and if you want to move to reopen the deposition for the purpose of getting answers to questions that you feel you're entitled to, you can do that, but you're going to need to do that in a separate hearing after conferral.

Let me also say that there is nothing in the law that allows an opposing party to designate who the 30(b)(6) deposition representative will be. So even if you do bring a motion to compel more 30(b)(6) deposition testimony on Topic Number 9, you will not have the right at any time to demand that Ms. Cha be the representative of the University on that

topic. The University has the right to choose its 30(b)(6) deposition representative. It must adequately prepare those representatives, but it, nevertheless, has the right to choose.

So if your motivation in doing this is to try to get a back door way to try to get the deposition of Ms. Cha, I'm forewarning you that that is very unlikely to occur, but to the extent that the dispute is actually about whether Mr. Moore gave adequate testimony about Topic Number 9 related to Ms. Cha or not, that's something about which you must confer. Any questions?

MS. ANDERSON: No, Your Honor.

MS. MANGUM: I'm sorry, Your Honor, nothing further.

THE COURT: Thank you. We'll be in recess.

(Whereupon, the within hearing was then in conclusion at 3:17 p.m.)

TRANSCRIBER'S CERTIFICATION

I certify that the foregoing is a correct transcript to the best of my ability to hear and understand the audio recording and based on the quality of the audio recording from the above-entitled matter.

/s/ Dyann Labo October 13, 2020

Signature of Transcriber Date