**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No: 1:19-cv-00914-CMA-KLM

BENJAMIN L. GERIG,

Plaintiff,

v.

UNIVERSITY OF DENVER,

Defendant.

---

# PETITION FOR REVIEW OF ORDER BY MAGISTRATE JUDGE KRISTEN L. MIX DENYING MOTION TO COMPEL DEPOSITION OF ELIZABETH CHA

---

Plaintiff, Benjamin Gerig ("Mr. Gerig"), through counsel, requests review of the Minute Order, dated October 7, 2020, in which Magistrate Judge Kristen L. Mix ("Judge Mix"), denied Mr. Gerig's Motion to Compel the Deposition of Elizabeth Cha in Her Personal Capacity. ("Motion to Compel")[1] In support of this Petition for Review, Mr. Gerig states the following:

## STATEMENT OF THE CASE

Mr. Gerig has brought claims for discrimination and retaliation under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12117 (the "ADA"), against the University of Denver ("DU"). On November 7, 2019, and again on November 13, 2019, Mr. Gerig's counsel, Jeanine Anderson ("Ms. Anderson"), notified DU by email that she intended to take a Fed. R. Civ. P. 30(b)(6) deposition of DU, and proposed taking it on

---

[1] Copies of the Minute Order and the Transcript of Proceedings before Magistrate Judge Kristen L. Mix are attached as Exhibits A and B.

either January 16, 2020, or January 17, 2020. (*See* Exs. C and D.) Accompanying the November 7 email was a list of subjects of testimony about which the Rule 30(b)(6) would be expected to testify. (*See* Ex. E.)

On November 14, 2019, DU's counsel responded, stating that the proposed dates would not work as she was "out of town." DU's counsel then stated: "I am working on consulting with DU about potential designees and will get back to you with a proposal for other dates in January." (Ex. F.) On November 26, 2019, counsel for DU provided the following information about the scheduling of the Rule 30(b)(6) deposition:

> Attached are DU's Responses to Plaintiff's 30(b)(6) list of testimony subjects.
> Regarding scheduling, we are generally available during the weeks of January 20th and January 27th.
> **Elizabeth Cha is only available the week of January 27th, but I can likely get additional dates for her in early February if needed**.
> Kevin Cuthbert has limited January availability, so I will follow up with you on additional available dates in early February.
> Monica Renyoso does not have any scheduling conflicts the last two weeks in January.

(Ex. G (spacing modified) (emphasis added).) Thus, as early as November 26, 2019, counsel for DU identified Elizabeth Cha ("Ms. Cha") as one of DU's Rule 30(b)(6) witnesses.

In Defendant's Response to Plaintiff's Fed. R. Civ. P. 30(b)(6) Subjects of Testimony, Ms. Cha was identified as the person "to testify on" topic two "if the topic can be redrafted to address the above objections." (*See* Ex. H.) Topic two was:

> The University's policies for handling or responding to employee's requests for accommodation of a medical condition(s). This includes the substance of such policies, identifying the individuals responsible for communicating this information to employees, identifying the individuals responsible for evaluating or making decision concerning employees' requests for

> accommodation, how the policies were communicated to University employees, and how the University monitors, implements, and enforces such policies.

(Ex. E.) Ms. Cha was also identified as the person to testify on Topic twenty "if the topic can be redrafted to address the above objections." (Ex. H.) Topic twenty was: "Policies for requesting reasonable accommodation at the University." (Ex. E.)

DU's designation of Ms. Cha to testify on its behalf was not controversial; she was the Benefits Program Manager at DU during the time Mr. Gerig was employed there, and thus she would be knowledgeable about the policies and procedures for requesting, and handling requests for reasonable accommodations under the ADA. Indeed, over time it became clear that Ms. Cha was probably the key person to testify about DU's accommodation policies, and the application of those policies to Mr. Gerig. Ms. Cha had personal knowledge about the discussions and incidents surrounding Mr. Gerig's request for an accommodation. Ms. Cha personally participated in many of those discussions, and she was personally involved in the decisions that were made in response to Mr. Gerig's request.

For a variety of reasons unrelated to the Motion to Compel, the Rule 30(b)(6) deposition did not take place in early 2020. Indeed, because of the coronavirus pandemic, efforts to finalize the topics, and schedule the Rule 30(b)(6) deposition, were put off until the summer of 2020. On July 20, 2020, Mr. Gerig's counsel sent an email to DU, attaching a revised 30(b)(6) notice. The email stated that Mr. Gerig's counsel "would like to take the 30(b)(6) deposition [of DU] on August 20, 21, 24, or 25. (Ex. I). Ms. Anderson asked that DU's counsel "[p]lease let [her] know as soon as possible which of these dates would

work for you and your witness or witnesses." (*Id.*) Attached to the July 20 email was an amended list of topics to be addressed in the Fed. R. Civ. P. 30(b)(6) deposition. (*See* Ex. J.) One of the new topics, topic no. 12, was: "**Elizabeth Cha's role in investigating and addressing the request for accommodation made by Mr. Gerig.**" (*Id.* (emphasis added).) This new topic reflected the fact that a central issue in the case was Ms. Cha's involvement in Mr. Gerig's request for accommodation, and her knowledge about the handling of Mr. Gerig's request for accommodation.

Throughout the end of July, and all of August, the parties attempted to reach a resolution of the Rule 30(b)(6) topics. On August 18, 2020, DU's counsel sent a list of objections to the Rule 30(b)(6) topics. (Ex. K.) On August 19, 2020, Ms. Anderson sent a revised 30(b)(6) topic list, labeled "second amended 30(b)(6) topics." (Ex. L.) This second amended topic list retained the topic at issue here – "Elizabeth Cha's role in investigating and addressing the request for accommodation made by Mr. Gerig" – although it was now listed as topic no. 9, rather than topic no. 12. (*Id.*)

Between August 20 and September 1, the parties exchanged more than a dozen emails. On September 1, the parties agreed to the topics list, which included topic no. 9. On September 8, 2020, counsel for DU identified the names and topics of the witnesses who would be testifying in the Rule 30(b)(6) deposition. The list included Elizabeth Cha, who would testify about five topics: Nos. 1, 2, 8, 9, 14. (*See* Ex. M; see also Ex. N (third amended Rule 30(b)(6) topics list)). Counsel for DU and Mr. Gerig also agreed that the 30(b)(6) deposition would take place over September 22 and 23, 2020. Ms. Cha was scheduled to begin the deposition at 9:00 a.m. on September 22.

On September 20, 2020, a Sunday, at 12:36 in the afternoon, DU's counsel sent an email to Ms. Anderson stating: "Lloyd Moore is going to fill in for Elizabeth Cha on the topics for which we designated her." No explanation was given for the change. (Ex. O.)

Later that same evening, on September 20, 2020, Ms. Anderson responded to counsel for DU via email and asked if they would agree to a short personal deposition of Ms. Cha in lieu of the last-minute cancelation of her participation in the Rule 30(b)(6) deposition. (Ex. P). Counsel for DU was not amenable to that request and voiced their objection to deposing Ms. Cha in her personal capacity. The parties corresponded throughout the evening as well as the next day in the hopes of resolving the dispute.

Unable to resolve the request for a two-hour deposition of Ms. Cha in her individual capacity, Mr. Gerig filed a Written Discovery Dispute Summary with Magistrate Judge Kristin L. Mix. (Ex. Q). On October 7, 2020, a hearing was held on the discovery dispute. In the hearing, Mr. Gerig explained his inference about the reason for DU's last-minute change of deponent:

> we thought it was kind of 13 suspect that at the very last minute, after six [actually, more than nine] months of telling us that Elizabeth Cha would be the representative that, you know, on a Sunday before Tuesday deposition they said that wasn't going to be the case anymore, which certainly, as I'm sure you can imagine, Your Honor, led me to think, gosh, what is Ms. Cha telling them (inaudible) that they're scared of; what are they trying to avoid that Ms. Cha is going to say. And there is a lot she could say, because this is -- this is a discrimination and retaliation claim and she had interactions with the supervisors and we think the supervisors were hostile to Mr. Gerig's request for an accommodation. So it's likely that Ms. Cha may have gotten wind of the hostility to Mr. Gerig's request for an accommodation and that's why we want to depose her.

(Ex. B.)

In its response, DU gave the following excuse for its last minute change of deponent:

> Any decision to swap Mr. Moore for Ms. Cha as its 30(b)(6) deponent related to Mr. Gerig's accommodation request was, in fact, done at Ms. Cha's request given her junior level status and the belief that Mr. Moore can better testify on these topics, since he's a much higher level than Ms. Cha and he's the actual decision maker on Mr. Gerig's request for accommodation.

(Ex. B., p.5, l.19-p.6, l.1.)

Despite this untenable excuse (see infra p._.), the Magistrate Judge denied the request to take a deposition of Ms. Cha in her personal capacity:

> [I]t doesn't make sense that plaintiff should be permitted at this point to reopen discovery to take a deposition of an individual in her personal capacity that the plaintiff never previously indicated any interest in taking. The fact that Ms. Cha was designated as the representative of the University for the 30(b)(6) deposition is very different from Ms. Cha being deposed in her personal capacity. So the plaintiff must have understood, or should have understood, that Ms. Cha's designation as a 30(b)(6) representative for the University was not going to allow the plaintiff to ask questions about Ms. Cha's personal involvement in the events that underlie the claim. That could only happen if the plaintiff took Ms. Cha's deposition in her personal capacity.

(Ex. B., p.8, l.9-l.15.)

## ARGUMENT

### I. THE MAGISTRATE JUDGE DID NOT PROPERLY APPLY THE GOOD CAUSE STANDARD FOR MODIFYING THE SCHEDULING ORDER TO ALLOW AN OUT-OF-TIME PERSONAL DEPOSITION OF ELIZABETH CHA.

Mr. Gerig's Motion to Compel seeks to allow him to take out-of-time the personal deposition of Elizabeth Cha. Because the Motion to Compel would require a modification of the discovery deadline set out in the Scheduling Order, it "may be altered or amended only upon a showing of good cause." (Scheduling Order at 15; *see also* Fed. R. Civ. P.

16(b)(4).) To demonstrate good cause ... Plaintiffs must " 'show that [they were] diligent in attempting to meet the [pleading amendment] deadline, which means [they] must provide an adequate explanation for any delay.' " *Carriker v. City & Cty. of Denver, Colo.*, No. 12-cv-02365-WJM-KLM, 2013 WL 2147542, at *2 (D. Colo. May 16, 2013) (quoting *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir.2006).

Here, Mr. Gerig showed he was diligent, and that he provided "an adequate explanation for any delay." As set forth above, as early as November 2019, DU offered Ms. Cha as a Rule 30(b)(6) deposition witness. As early as July 20, 2020, two full months before the deposition was scheduled, Mr. Gerig made it clear that he intended to question Ms. Cha about her "role in investigating and addressing the request for accommodation made by Mr. Gerig," when he explicitly designated that as a topic for the deposition. And although DU objected to the addition of new topics generally, it never objected to that topic by arguing that it was not appropriate Rule 30(b)(6) testimony. Further, on September 1, 2020, DU expressly agreed to the topic list, and expressly identified Ms. Cha as the person who would testify about that topic. By doing so, Mr. Gerig reasonably understood that he would be allowed to question Ms. Cha about her role in Mr. Gerig's request for accommodation.

Despite this, the Magistrate Judge concluded that the withdrawal of Ms. Cha as a Rule 30(b)(6) witness did not harm Mr. Gerig because in a Rule 30(b)(6) deposition he would not be allowed to ask Ms. Cha any questions about her personal knowledge or involvement. "Ms. Cha's designation as a 30(b)(6) representative for the University," the Magistrate Judge asserted, "was not going to allow the plaintiff to ask questions about

Ms. Cha's personal involvement in the events that underlie the claim. **That could only happen if the plaintiff took Ms. Cha's deposition in her personal capacity**." (Ex. B., p. 8, ll.19-22 (emphasis added).) The Court's declaration is wrong on the law and wrong on the facts. First, scores of cases have held that the questioner in a Rule 30(b)(6) deposition is not limited to questions within the scope of the 30(b)(6) notice. Rather, if the party taking a Rule 30(b)(6) deposition "asks questions 'outside the scope of the matters described in the notice, the general deposition rules govern [and] relevant questions may be asked and no special protection is conferred on a deponent.' " *Norman v. State Farm Fire and Cas. Co.*, No. 13-cv-01643- PAB-CBS, 2014 WL 6478046, at *6 n.9 (D. Colo. Nov. 19, 2014) (quoting *King v. Pratt & Whitney*, 161 F.R.D. 475, 476 (S.D. Fla.1995), *aff'd,* 213 F.3d 646 (11th Cir. 2000), *and aff'd*, 213 F.3d 647 (11th Cir. 2000); *see also Am. Gen. Life Ins. Co. v. Billard*, 10-cv-1012, 2010 WL 4367052, at *4 (N.D. Iowa Oct. 28, 2010) (and cases cited therein) (noting that "every court which has addressed the issue" since 1985 has taken the view of *King*); *Harris v. Best Buy Stores, L.P.*, No. 15–cv–00657–HSG (KAW), 2015 WL 6085307, at *2 (N.D. Cal. Oct. 16, 2015); *Sherwood v. BNSF Ry. Co.*, 2018 WL 8619793, at *2-3 (D. Idaho June 12, 2018). In fact, DU sporadically objected to questions that were supposedly beyond the scope of the topic list, asserted that the witness' answer did not bind DU, but did not prevent the witness from answering the question. See, e.g., Deposition of Rufina Hernandez, (Ex. R.), p.24, ll.7-10 (Sept. 23, 2020) ("MS. MANGUM: Objection, this line of questioning is outside the scope of the topic. The witness can answer in her individual capacity to the extent that she has personal knowledge."). Thus, the underlying premise of the Magistrate Judge's

ruling – that Mr. Gerig could not ask questions outside the scope of the Rule 30(b)(6) topic list – is erroneous.

Second, the premise of the Magistrate's ruling is factually incorrect. The topic list for the Rule 30(b)(6) deposition was not limited to the questions about DU's accommodation policies. To the contrary, it expressly included "questions about "Ms. Cha's personal involvement in the events that underlie the claim." Topic no. 9, which DU accepted, was: "Elizabeth Cha's role in investigating and addressing the request for accommodation made by Mr. Gerig." (Ex. N.) Moreover, even if one assumes for the sake of argument that Topic no. 9 was not a proper Rule 30(b)(6) topic, by agreeing to it, DU waived and abandoned any objection. *Cf. Prince Lionheart, Inc. v. Halo Innovations, Inc.*, No. 06–cv–00324–WDM–KLM, 2007 WL 2728343, at *5-6 (D. Colo. Sept. 18, 2007) (failure to raise privilege objection in deposition constitutes waiver). Accordingly, Mr. Gerig demonstrated good cause by showing that he was "diligent" in attempting to take Ms. Cha's deposition on her role in Mr. Gerig's request for accommodation, and by providing "an adequate explanation for any delay."

In addition, the Magistrate Judge failed to take into consideration the fundamental unfairness to Mr. Gerig from her ruling. The reason Mr. Gerig did not take the individual deposition of Ms. Cha is that DU led him to believe that he could depose Ms. Cha as part of the Rule 30(b)(6) deposition. Between November 26, 2019 and September 19, 2020, almost ten months, every communication between DU and Mr. Gerig that identified Rule 30(b)(6) witnesses named Ms. Cha as one of them. Indeed, as late as September 14, 2020, the parties were discussing when Ms. Cha was likely to begin her deposition. (Ex.

S.) For that ten-month-long-pattern to suddenly change on a Sunday, a day and a half before Ms. Cha's deposition was to begin, creates a strong inference that during Ms. Cha's deposition preparation, DU discovered that her testimony would be harmful to it. Accordingly, the Magistrate Judge's ruling likely means that DU will be able to hide adverse evidence from Mr. Gerig, thwarting "the truth-seeking function of civil litigation...." *Gracia v. Lee*, 976 F.2d 1344, 1345 (10th Cir. 1992).

Further, the excuses given by DU for dropping Ms. Cha as a Rule 30(b)(6) witness strain credulity. First, the assertion that the last-minute change was due to Ms. Cha's request is untenable in light of the fact that she had been designated as a witness on numerous occasions over an almost ten month period of time, without any objection by her. Second, the contention that Mr. Moore could better testify on the designated topics is absurd. DU did not try to explain, because it could not explain, how Mr. Moore was better able to testify on "Elizabeth Cha's role in investigating and addressing the request for accommodation made by Mr. Gerig." Accordingly, DU's purported reason for changing from Ms. Cha to Mr. Moore on Sunday, a day and a half before the deposition was scheduled does not withstand examination. The only credible reason for the change is that during DU's preparation session with Ms. Cha, it discovered that her testimony would not be helpful to it.

In *ZCT Systems Group, Inc. v. Flight Safety International*, 2010 WL 1541687 (N.D. Okla. Apr. 19, 2010) – a case that is somewhat analogous to this case – the plaintiff served a notice of intent to take a deposition of a corporate representative on eleven topics. The defendant designated an employee named Ron Jantzen to testify on two

topics: The history of the business dealings between plaintiff and defendant; and the intent and purpose of contracts that dealt with delivering code to plaintiff. *Id.* at *1. At the deposition, Jantzen testified for five and a half hours after which defendant's counsel announced that Jantzen was being withdrawn as the company's Rule 30(b)(6) witness" because his testimony was "contrary to the company's positions." *Id.* at *3. The Court held that the defendant properly could not be withdrawn.

Although this case is admittedly distinct from *ZCT Systems* – in *ZCT Systems* the witness was withdrawn during the deposition, while here, the witness was withdrawn a day and a half before the deposition was scheduled – that distinction is one without a difference. The withdrawal by a defendant of a designated witness a day and a half before the deposition because the witness will provide testimony that is not helpful to the defendant is, in practical terms, no different from a witness who is withdrawn for the same reason during the deposition. Accordingly, the Court should allow Mr. Gerig to take the personal deposition of Elizabeth Cha for a two-hour period of time.

Respectfully submitted this 21st day of October, 2020.

ATTORNEYS FOR PLAINTIFF:

*s/ Jeanine M. Anderson*
Jeanine M. Anderson
Richard P. Barkley
Anderson Barkley, LLC
3900 E. Mexico Ave., Suite 300
Denver, Colorado 80210
Tel.: (720) 506-1766
Jeanine@AndersonBarkleyLaw.com
RichardBarkleyLaw@comcast.net

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of October, 2020, a true and correct copy of the foregoing was served via the CM/ECF system on:

Jim Goh
Rayner Mangum
Constangy, Brooks, Smith & Prophete, LLP
600 17th Street, Suite 2700S
Denver, Colorado 80202
jgoh@constangy.com
rmangum@constangy.com

*Attorneys for the Defendant*

*s/ Jeanine M. Anderson*
Jeanine M. Anderson