**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-00914-CMA-KLM

BENJAMIN L. GERIG,

Plaintiff,

v.

UNIVERSITY OF DENVER,

Defendant.

---

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S PETITION FOR REVIEW OF ORDER BY MAGISTRATE JUDGE KRISTEN L. MIX DENYING MOTION TO COMPEL DEPOSITION OF ELIZABETH CHA**

---

Defendant University of Denver ("DU"), through its attorneys Constangy, Brooks, Smith & Prophete, LLP, hereby submits its Opposition to Plaintiff Benjamin Gerig's Petition for Review of Order by Magistrate Judge Kristen L. Mix Denying Motion to Compel Deposition of Elizabeth Cha. (Dkt. 67). Plaintiff's Petition seeks this Court's review of Magistrate Mix' Order dated October 7, 2020, which denied Plaintiff's oral motion to compel the deposition of Elizabeth Cha in her individual capacity after the close of discovery. As detailed more fully below, Magistrate Mix correctly denied Plaintiff's motion due to Plaintiff's failure to demonstrate good cause for re-opening discovery in order to depose a witness he never requested to depose at any point during the discovery period. This is particularly true given the fact that the parties are already in the midst of summary judgment briefing and re-opening discovery at this late stage of the case would result in considerable prejudice to DU.

## I. ARGUMENT AND AUTHORITIES

"Good cause" for purposes of re-opening discovery requires a showing that the party seeking to re-open discovery was diligent in its discovery efforts, yet could not complete discovery by the court-ordered deadline. *See, e.g.*, *Marcin Eng'g, LLC. v. Founders at Grizzly Ranch, LLC.*, 219 F.R.D. 516, 521 (D. Colo. 2003). Magistrate Mix correctly concluded that Plaintiff failed to make this showing. As she noted in reaching this conclusion, Plaintiff was free to depose Ms. Cha in her individual capacity at any point during the discovery period, but he simply chose not to do so. (Dkt. 67-2, at 7-8) (Magistrate Mix explaining that "[a]t no time, as far as I could tell, did plaintiff indicate an interest in taking Ms. Cha's deposition in her personal capacity about her individual knowledge related to the claims until after she was replaced as the 30(b)(6) representative of the defendant University of Denver."). Indeed, it was only *after* the close of discovery that Plaintiff first expressed any interest in deposing Ms. Cha in her individual capacity.

In his Petition for Reconsideration, Plaintiff now suggests that he never sought to depose Ms. Cha in her individual capacity because he was relying upon DU's representations that Ms. Cha was likely to serve as its 30(b)(6) designee on certain topics. *See* Plaintiff's Petition (Dkt. 67), at 9. Caselaw, however, establishes that the decision regarding which witness DU would designate to speak on its behalf rested with DU—not with the Plaintiff. *See, e.g., Cavitat Med. Techs., Inc. v. Aetna, Inc.*, 2006 WL 8454636, at *3 (D. Colo. Feb. 28, 2006). Thus, if Plaintiff wanted to ensure that he would have the

opportunity to depose Ms. Cha specifically, it was incumbent upon him to notice a deposition of Ms. Cha in her individual capacity. *See id.* He failed to do so.

*ZCT Systems Group, Inc. v. Flight Safety International*—the case on which Plaintiff relies—does nothing to advance his argument. 2010 WL 1541687 (N.D. Okla. Apr. 19, 2010). In that case, counsel for the defense attempted to withdraw the corporation's 30(b)(6) witness in the middle of the deposition because the witness was providing testimony that was harmful to the corporation. *See id.* Conversely, in this case, there is no dispute that defense counsel notified Plaintiff's counsel that Lloyd Moore would be substituting for Ms. Cha as DU's corporate representative on 30(b)(6) topics relating to DU's ADA policies and procedures days in advance of the deposition itself. *See, e.g.*, Plaintiff's Petition, at 5.

Further, unlike in *ZCT Systems Group*, Plaintiff has offered nothing more than his own unsupported, wild speculation to suggest that Ms. Cha would have given testimony harmful to DU had she ultimately served as DU's corporate representative. *See* Plaintiff's Petition, at 8-11. As DU has explained—and as Lloyd Moore testified under oath during the deposition on the 30(b)(6) topics at issue—Ms. Cha was a junior-level employee at the time period relevant to this litigation. Her only role in addressing Mr. Gerig's accommodation request—or indeed, any accommodation request—was scheduling phone calls and meetings, and shadowing Mr. Moore for training purposes. (Ex. 1-Lloyd Moore's 30(b)(6) Depo., at 9:5-11:17). Mr. Moore, rather than Ms. Cha, was the actual decision-maker as to ADA accommodation requests. *See id.* Thus, by DU substituting

Mr. Moore for Ms. Cha as DU's corporate representative, Plaintiff was in fact given the opportunity to depose a higher-level employee who had actual decision-making authority.

Additionally, even if Ms. Cha had served as DU's 30(b)(6) designee, she would have been testifying on behalf of DU, rather than in her individual capacity. In a last-ditch effort to avoid the unmistakable fact that he never requested to depose Ms. Cha during the discovery period, Plaintiff now argues that his intent was to notice a 30(b)(6) deposition on topics relating to DU's ADA policies and procedures in the hopes that DU would in fact designate Ms. Cha so that he could deliberately misuse that 30(b)(6) deposition for the actual purpose of taking Ms. Cha's individual deposition. Plaintiff's Petition, at 9 ("The reason Mr. Gerig did not take the individual deposition of Ms. Cha is that DU led him to believe that he could depose Ms. Cha as part of the Rule 30(b)(6) deposition."). This ill-conceived argument ignores the fact that, as detailed above, it was not up to Plaintiff to select which witness DU would ultimately select as its corporate designee on any given topic. *See, e.g., Cavitat Med. Techs., Inc.*, 2006 WL 8454636, at *3. In sum, Plaintiff has identified no basis for overturning Magistrate Mix' finding that he failed to pursue Elizabeth Cha's deposition during the discovery period.

Even more critically, Plaintiff has already obtained the only deposition testimony he ever requested regarding Elizabeth Cha's role in addressing Mr. Gerig's request for accommodation. *See* (Dkt. 67-14) (Plaintiff's final list of 30(b)(6) topics, with Topic No. 9 requesting testimony regarding "Elizabeth Cha's role in investigating and addressing the request for accommodation made by Mr. Gerig."); (Dkt. 67-13) (defense counsel stating that Ms. Cha would testify on topics including Topic No. 9); (Dkt. 67-15) (defense counsel

stating that Mr. Moore would substitute for Ms. Cha as DU's corporate representative on the topics for which DU had originally designated Ms. Cha); (Ex. 1). On October 2, 2020, Plaintiff's counsel deposed Mr. Moore as DU's 30(b)(6) deponent as to Topic No. 9: "Elizabeth Cha's role in investigating and addressing the request for accommodation made by Mr. Gerig." *See, e.g.*, *id.*; (Ex. 1). The fact that Plaintiff has already obtained the deposition testimony he requested only further eviscerates his ability to establish the requisite good cause for re-opening discovery.

This is particularly true given the procedural posture of the case. DU submitted its Motion for Summary Judgment on November 3, 2020. (Dkt. 71). Plaintiff's Opposition to DU's Motion is due in less than two weeks. Re-opening discovery at this late stage of the case to allow Plaintiff to schedule an additional deposition (which he utterly failed to pursue during the discovery period) would certainly delay the completion of summary judgment briefing. Indeed, given scheduling constraints and the upcoming holidays, it would likely take several weeks for the parties to schedule Ms. Cha's deposition and receive the resulting transcript from that deposition. Both sides would then need to seek leave to revise their summary judgment briefs in order to address Ms. Cha's deposition testimony. Plaintiff's request to re-open discovery would also jeopardize the trial date in this case, which is currently set for January 11, 2021. (Dkt. 62) (the Court's Order setting a five-day jury trial to begin on January 11, 2021).

As detailed above, Plaintiff is entirely unable to establish good cause in support of his request to re-open discovery. Plaintiff is similarly unable to demonstrate why DU should be expected to incur the prejudice and costs that would result from re-opening

discovery, preparing an additional 30(b)(6) deponent, and potentially revising its dispositive motion, particularly when Plaintiff did not even pursue the discovery he now requests during the discovery period. *See, e.g., Llewellyn v. Ocwen Loan Servicing*, LLC, 2013 WL 3199980, at *3 (D. Colo. June 24, 2013) (evaluating the prejudice to the non-moving party when ruling on a motion to re-open discovery).

## II. CONCLUSION

For these reasons, DU respectfully requests that the Court deny Plaintiff's Petition for Reconsideration.

Dated this 12th of November, 2020.

**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

*s/ Jim Goh*
Jim Goh
Rayner Mangum
600 17th Street, Suite 2700S
Denver, CO 80202
Telephone: 720.343.7560
Facsimile: 720.343.7559
jgoh@constangy.com
rmangum@constangy.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of November, 2020, I electronically filed the foregoing **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR REVIEW OF ORDER BY MAGISTRATE JUDGE KRISTEN L. MIX DENYING MOTION TO COMPEL DEPOSITION OF ELIZABETH CHA** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Jeanine M. Anderson
Jeanine@AndersonBarkleyLaw.com

Richard P. Barkley
richardbarkleylaw@comcast.net

*Attorneys for Plaintiff*

s/ Hannah Owen
***Hannah Owen,*** Paralegal